# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUREFIRE, LLC, a California company,<br><br>             Plaintiff,<br><br>vs.<br><br>CASUAL HOME WORLDWIDE, INC., a New York corporation d/b/a FENIXGEAR.COM; and FENIXLIGHT LIMITED, a company located in the People's Republic of China,<br><br>             Defendants. | CASE NO. 12cv125 - IEG (MDD)<br><br>**ORDER**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 14]<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>[Doc. No. 16] |

Presently before the Court is Defendants Casual Home Worldwide, Inc. ("Casual Home") and Fenixlight, Ltd. ("Fenixlight") (collectively "Defendants")'s motion to dismiss Plaintiff Surefire, LLC ("Surefire")'s complaint for lack of personal jurisdiction. [Doc. No. 14.] Fenixlight also moves to dismiss Surefire's complaint for improper service, or, in the alternative, to quash service. [Id.] For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## BACKGROUND

This is a patent infringement action. On January 17, 2012, Surefire, a California company with its principal place of business in Fountain Valley, California, filed the present action against

1  Defendants alleging infringement of U.S. Patent No. RE40,125 (the "'125 patent") and U.S. Patent
2  No. 7,722,209 (the "'209 patent") (collectively "the patents-in-suit"). [Doc. No. 1, Compl.]
3  Specifically, Surefire alleges that certain flashlights imported and sold by the Defendants,
4  including the PD20 and TK10 models, infringe the patents-in-suit. [Id. ¶¶ 14-15, 17, 22.]

5  Casual Home is a New York Corporation with its principal place of business in Amityville,
6  New York. [Doc. No. 14-3, Declaration of Ming Chiang ("Chiang Decl.") ¶ 3.] Casual Home is
7  not incorporated in California, is not qualified to do business in California, and has no subsidiaries
8  incorporated or qualified to do business in California. [Id. ¶ 4.] None of Casual Home's officers,
9  members, directors, employees, or agents reside or are domiciled in California. [Id. ¶¶ 5-6.]
10 Casual Home does not have any offices or comparable facilities, telephone numbers, or bank
11 accounts in California, does not own any real or personal property in California, and does not enter
12 into contracts in California. [Id. ¶¶ 7-9, 12-13.] Casual Home asserts that it does not direct any of
13 its advertising specifically toward California residents or advertise in any publications that are
14 targeted or directed primarily toward California residents. [Id. ¶ 15.]

15 Casual Home operates the website Fenixgear.com as an online retailer of lighting products.
16 [Doc. No. 14-3, Chiang Decl. ¶ 3.] Casual Home's annual sales of the accused products, the PD20
17 and TK10 flashlights, in California are: 201 units ($8,003.15) in 2010; 94 units ($3,777) in 2011;
18 and 13 units ($458.85) for the first four months of 2012. [Doc. No. 19-1, Reply Declaration of
19 Ming Chiang ("Chiang Reply Decl.") ¶ 5.] These amounts represent 0.39877% in 2010, 0.1646%
20 in 2011, and 0.0461% in the first four months of 2012 of Casual Homes's overall annual sales of
21 all its products. [Id. ¶ 6.]

22 Fenixlight is a Chinese limited liability company with its principal place of business in
23 Shenzhen, China. [Doc. No. 14-2, Declaration of Karrass Su ("Su Decl.") ¶ 3.] Fenixlight does
24 not directly ship the accused products to California. [Id. ¶ 20.] Rather, it ships the products by air
25 to resellers that are located in other states. [Id.]

26 By the present motion, Defendants move to dismiss Plaintiff's complaint for lack of
27 personal jurisdiction. [Doc. No. 14.] In addition, Fenixlight moves to dismiss Plaintiff Surefire's
28 complaint for improper service, or, in the alternative, to quash service. [Id.]

**DISCUSSION**

**I.     Fenixlight's Motion to Dismiss for Improper Service, or in the Alternative, Motion to Quash**

Fenixlight moves to dismiss Surefire's complaint for improper service, or in the alternative, to quash service. [Doc. No. 14.] In response, Surefire argues that it properly served Fenixlight pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). [Doc. No. 15 at 11-12.]

A.     <u>Legal Standards on Insufficient Service of Process</u>

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. <u>Omni Capital Int'l v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss the plaintiff's complaint for "insufficient service of process." "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004). A signed return of service creates a presumption of valid service which can only be rebutted by strong and convincing evidence. <u>S.E.C. v. Internet Solutions for Business, Inc.</u>, 509 F.3d 1161, 1166 (9th Cir. 2007); <u>Tejada v. Sugar Foods Corp.</u>, 2010 U.S. Dist. LEXIS 116544, at *9 (C.D. Cal. Oct. 18, 2010)

"Upon deciding that process has not been properly served on the defendant, a district court has broad discretion to either dismiss the complaint or quash service of process." <u>Schagene v. Grumman</u>, 2012 U.S. Dist. LEXIS 7693, at *4 (S.D. Cal. Jan. 24, 2012) (citing <u>Umbenhauer v. Woog</u>, 969 F.2d 25, 31 (3d Cir. 1992)). "However, if it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action." <u>Id.</u>

B.     <u>Analysis</u>

Surefire argues that it properly served Fenixlight, Ltd. pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). [Doc. No. 15 at 11-12.] Under Rule 4(h)(1)(B), valid service of process on a corporation, partnership, or association requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment by law to receive service of process." FED. R. CIV. P. 4(h)(1). On March 6, 2012, Surefire filed a

proof of service stating that Fenixlight was served through its authorized agent Ming Chiang.[1] [Doc. No. 11.]

However, Fenixlight has provided the Court with both a declaration from Ming Chiang, the president of Casual Home, and a declaration from Karrass Su, the president of Fenixlight, stating that Ming Chiang is not an officer, member, director, employee, or manager of Fenixlight Limited, nor an agent authorized to receive service of process on behalf of Fenixlight. [Doc. No. 14-2, Su Decl. ¶ 22; Doc. No. 14-3, Chiang Decl. ¶ 22.] Although the signed return of service creates a rebuttal presumption of valid service, these two declarations constitute "strong and convincing evidence" sufficient to rebut that presumption. See, e.g., Schagene, 2012 U.S. Dist. LEXIS 7693, at *7; Cheng v. AIM Sports, Inc., 2011 U.S. Dist. LEXIS 11666, at *7-9 (C.D. Cal. Jan. 26, 2011). Surefire has provided no evidence or legal argument establishing that Ming Chiang has authority to accept service on behalf of Fenixlight. Surefire merely argues that Ming Chiang indicated to the process server that he was authorized to accept service on behalf of Fenixlight. However, Surefire has not provided the Court with a declaration from the process server testifying to those facts, and, in contrast, Fenixlight has provided the Court with a declaration from Ming Chiang stating that he did not tell the process server that he was authorized to accept service on behalf of Fenixlight. [Doc. No. 19-1, Chiang Reply Decl. ¶ 3.] In addition, "even if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so." United States CFTC v. Paron Capital Mgmt., LLC, 2012 U.S. Dist. LEXIS 49154, at *8 (N.D. Cal. Apr. 6, 2012).

In addition, Surefire argues that service should be deemed valid because Fenixlight unquestionably has actual notice of the complaint because it has filed the present motion to dismiss. [Doc. No. 15 at 12.] However, actual notice does not provide the Court with personal jurisdiction over a defendant absent substantial compliance with Rule 4. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). For the reasons stated above, Surefire has failed to show that it has

---

[1] The proof of service incorrectly spelled Mr. Chiang's last name as "Chang." [Doc. No. 11.]

substantially complied with the requirements of Rule 4.[2]

Because Surefire has failed to properly serve Fenixlight, the Court has the discretion to dismiss the complaint or quash service. See Schagene, 2012 U.S. Dist. LEXIS 7693, at *4. It appears that effective service can be made on Fenixlight,[3] and Fenixlight has not been prejudiced by the improper service because it has actual notice of this action. Therefore, exercising its discretion, the Court concludes it is appropriate to quash service rather than dismiss the complaint. See id. at *7-8. Accordingly, the Court **QUASHES** service upon Fenixlight.

**II.  Casual Home's Motion to Dismiss for Lack of Personal Jurisdiction**

Casual Home moves to dismiss Surefire's complaint for lack of personal jurisdiction. [Doc. No. 14-1 at 8-17.] In response, Surefire argues that this Court has specific jurisdiction over Casual Home.[4] [Doc. No. 15 at 5-8.]

A.  Legal Standards on Personal Jurisdiction

In a patent case, the law of the Federal Circuit applies to the determination whether the district court can properly exercise personal jurisdiction over an out-of-state accused defendant. Nuance Communs., Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). "Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under

---

[2] In its opposition, Surefire argues that if the Court determines that service on Fenixlight was insufficient, then Surefire should be allowed to take jurisdictional discovery to test Mr. Chiang's denial that he was an authorized agent for service of process. [Doc. No. 15 at 12.] However, jurisdiction discovery on this issue is unnecessary. As explained above, even if Surefire could prove that Mr. Chiang did tell the process server he was an authorized agent for Fenixlight, that by itself is not proof that he actually has the authority to accept service on behalf of Fenixlight. United States CFTC, 2012 U.S. Dist. LEXIS 49154, at *8. Therefore, Surefire is not entitled to jurisdictional discovery on this issue. See, e.g., Hickory Travel Sys. v. Tui Ag, 213 F.R.D. 547, 555 (N.D. Cal. 2003) (denying request for jurisdictional discovery where plaintiff's showing of proper service was lacking in both law and fact).

[3] Fenixlight concedes in its motion that it can be properly served through the Hague Convention. [Doc. No. 14-1 at 6.]

[4] Surefire also argues that this Court has general jurisdiction over Casual Home. [Doc. No. 15 at 8-9.] Because, for the reasons discussed below, the Court finds that it has specific jurisdiction over Casual Home, the Court does not address whether it also has general jurisdiction.

California law and federal law are the same." Nuance, 626 F.3d at 1230.

Under federal law, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). There are two types of personal jurisdiction a court may have over a defendant: general and specific. See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1330 (Fed. Cir. 2008). "To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Id. (internal quotation marks and citations omitted). Specifically the Federal Circuit employs a three-prong test, in which the court must determine whether:

> (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. With respect to the last prong, the burden of proof is on the defendant, which must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in Burger King.

Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1363 (Fed. Cir. 2006) (citation omitted). The five Burger King factors include: include: (1) the burden on the defendant, (2) the forum State's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies. Avocent., 552 F.3d at 1331. In the ordinary patent infringement suit where the plaintiff accuses the defendant of selling infringing products or services, the specific jurisdiction "inquiry is relatively easily discerned from the nature and extent of the commercialization of the accused products or services by the defendant in the forum." Id. at 1332.

Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Avocent, 552 F.3d at 1328-29. In addition, when there has been no jurisdictional discovery, the court must resolve all

factual disputes in the plaintiff's favor. <u>Nuance</u>, 626 F.3d at 1231.

B. <u>Analysis</u>

i. <u>Purposeful Direction and Arising Out of or Relating to Those Activities</u>

Casual Home has presented the Court with evidence showing that it has sold 308 units of the accused products, representing $12,239 in revenue, in California over a 28 month period. [Doc. No. 19-1, <u>Chiang Reply Decl.</u> ¶ 5.] This evidence by itself is sufficient to satisfy the first two-prongs of the general jurisdiction test. <u>See, e.g.</u>, <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558, 1565 (Fed. Cir. 1994) ("The allegations are that defendants purposefully shipped the accused fan into Virginia through an established distribution channel. The cause of action for patent infringement is alleged to arise out of these activities. No more is usually required to establish specific jurisdiction."); <u>North Am. Philips Corp. v. American Vending Sales</u>, 35 F.3d 1576, 1580-81 (Fed. Cir. 1994).

Casual Home argues that <u>Beverly Hills Fan</u> is a "stream of commerce" case, and it is unclear whether the Federal Circuit's holding will continue to be followed in light of the Supreme Court's recent decision in <u>J. McIntyre Mach., Ltd. v. Nicastro</u>, 131 S. Ct. 2780 (2011). In <u>J. McIntyre</u>, a four justice plurality held that a "defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." 131 S. Ct at 2788 (Kennedy, J., plurality opinion). However, because a Supreme Court plurality opinion is not binding law, <u>Beverly Hills Fan</u> remains good law and binding precedent on this Court. <u>See</u> <u>CTS Corp. v. Dynamics Corp. of America</u>, 481 U.S. 69, 81 (1987); <u>United States v. Brobst</u>, 558 F.3d 982, 991 (9th Cir. 2009). Moreover, even if the Federal Circuit were to adopt the plurality holding from <u>J. McIntyre</u>, this would be of no consequence to the present case. As Surefire correctly notes in its opposition, this is not a "stream of commerce" case. Casual Home directly sells the accused products in California, [Doc. No. 19-1, <u>Chiang Reply Decl.</u> ¶ 5], rather than merely placing the products in a chain of distribution. <u>See</u> <u>J. McIntyre</u>, 131 S. Ct. at 2788 (explaining that the term "stream of commerce" "refers to the movement of goods from manufacturers through distributors to consumers"). Therefore, the jurisdictional facts in this case

1  are more compelling than in <u>Beverly Hills Fan</u> because Casual Home intentionally targeted

2  California consumers by directly selling the accused products to them.

3        Casual Home's direct sale of 308 accused products over the at least a 28 month period in

4  California satisfies the "purposeful direction" prong.  In addition, because the products sold in

5  California are the products accused of infringement, Surefire's cause of action "arises out of"

6  Casual Home's contacts with the forum state.  Casual Home attempts to characterize its sale of the

7  infringing products as "de minimus" because they represent such a small percentage of Casual

8  Home's sales of all its products throughout the United States.  However, the Court finds that the

9  sale of 308 accused products in the forum state over the last 28 months is a substantial amount of

10  sales and not "de minumus."  <u>Cf.</u> <u>North Am. Philips</u>, 35 F.3d at 1577 (finding personal jurisdiction

11  proper despite defendants characterization of their sales of the accused products in the forum state

12  as "modest" and "negligible").  Accordingly, the first two prongs of the Federal Circuit's general

13  jurisdiction test are met in this case.

14        ii.     <u>Whether Exercising Jurisdiction Over Casual Home Is Reasonable and Fair</u>

15        Casual Home argues that this Court's assertion of jurisdiction over it would not comport

16  with fair play and substantial justice.  [Doc. No. at 16-17.]  In support of its argument, Casual

17  Home relies on a declaration from its president stating:

18      it would be unreasonable to require CASUAL HOME to defend this action in
    California for the following reasons: the burdens of defending the lawsuit
19      approximately 3000 miles from Amityville, New York, where CASUAL HOME
    conducts business; CASUAL HOME has not purposefully interjected itself into
20      California; California has little interest in adjudicating this dispute.

21  [Doc. No. 14-3, <u>Chiang Decl.</u> ¶ 21.]

22        This conclusory declaration is insufficient for Casual Home to meet its heavy burden of

23  presenting a compelling case that jurisdiction would be unreasonable.  California has a significant

24  interest in discouraging patent infringement injuries that occur within its state.  <u>See</u> <u>Beverly Hills</u>

25  <u>Fan</u>, 21 F.3d at 1568; <u>Fujitsu Ltd. v. Belkin Int'l, Inc.</u>, 782 F. Supp. 2d 868, 885 (N.D. Cal. 2011).

26  This interest is even greater where the patent holder is a California company.  Casual Home cannot

27  claim that it has not purposefully interjected itself into California when it concedes that it has sold

28  a substantial amount of accused products in California.  In addition, "'progress in communications

1  and transportation'" has made the defense of a lawsuit in a court on the other side of the country
2  less burdensome. <u>Beverly Hills Fan</u>, 21 F.3d at 1569 (finding it reasonable for a court in Virginia
3  to exercise jurisdiction over a Chinese corporation); see also, e.g., <u>Fujitsu</u>, 782 F. Supp. 2d at 885
4  (finding it reasonable for a court in California to exercise jurisdiction over a Taiwanese company).
5  Therefore, the exercise of personal jurisdiction over Casual Home would be fair and reasonable.

            iii.     <u>Conclusion</u>

7      In sum, all three-prongs of the Federal Circuit's specific jurisdiction test are met in this
8  case. Accordingly, the Court **DENIES** Casual Home's motion to dismiss the complaint for lack of
9  personal jurisdiction.

10 **III.**    **Surefire's Motion for Jurisdictional Discovery**
11     In addition to its response in opposition to Defendants' motion, Surefire filed a motion for
12 jurisdictional discovery to establish facts supporting this Court's jurisdiction over the Defendants.
13 [Doc. No. 16.]  Because the Court denies Casual Home's motion to dismiss and quashes service
14 upon Fenixlight, Surefire's motion for jurisdictional discovery is moot.  Accordingly, the Court
15 **DENIES AS MOOT** Surefire's motion for jurisdictional discovery.

16                                 **CONCLUSION**

17     For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART**
18 Defendants' motion to dismiss and **DENIES AS MOOT** Plaintiff's motion for jurisdictional
19 discovery.  The Court **QUASHES** service upon Fenixlight and **GRANTS** Surefire 60 days from
20 the date this Order is filed to perfect serve upon Defendant Fenixlight in accordance with the
21 requirements of Federal Rule of Civil Procedure 4.  Plaintiff is cautioned that failure to perfect
22 service upon Fenixlight will result in Fenixlight's dismissal with prejudice.

23     **IT IS SO ORDERED.**
24 **DATED:** June 26, 2012
25                                   **IRMA E. GONZALEZ**
                                  **United States District Judge**